IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRYAN DAVIS CHRISTIAN,           :
                                 :
    Petitioner                   :
                                 :
  v.                             :     CIVIL NO. 4:CV-05-2250
                                 :
RONNIE R. HOLT, Warden           :     (Judge Jones)
                                 :
    Respondent                   :

**November 8, 2005**

**<u>MEMORANDUM AND ORDER</u>**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Bryan David Christian ("Petitioner"), an inmate presently confined at the Schuylkill Federal Correctional Institution, in Minersville, Pennsylvania ("FCI-Schuylkill"), initiated this <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241("the Petition"). (Rec. Doc. 1). The Petition is accompanied by an <u>in forma pauperis</u> application. (Rec. Doc. 2). FCI-Schuylkill Warden Ronnie R. Holt is named as sole Respondent.

Petitioner states that he pled guilty to charges of possession of a firearm by a convict and making a false statement to obtain a firearm in the United States District Court for the Northern District of Georgia, Atlanta Division.  He was

1

subsequently sentenced to a 195 month term of incarceration on February 24, 1993.  He adds that he has been in custody in connection with his federal conviction since December 6, 1992.

Petitioner states that he has been informed by the Federal Bureau of Prisons ("BOP") that he is eligible for a maximum award of good conduct time ("GCT") minus four (4) days under 18 U.S.C. § 3624(b). (Rec. Doc. 1, Att. 1 at 2). Petitioner contends that the BOP "calculates maximum good time credit at 47 days per year giving Mr. Christian a total of 717 days" of GCT. (Rec. Doc. 1, Att. 1 at 2).

The Petition claims that Petitioner should be entitled to fifty-four (54) days of GCT for every year of the actual sentence imposed.  However, as a result of the BOP's alleged erroneous calculation method of awarding GCT based on the amount of time actually served, Petitioner asserts that he can only be credited with 717 days of GCT as opposed to the correct amount of 823 days. (Rec. Doc. 1, Att. 1 at 2). Petitioner concludes that the purportedly improper calculation method presently employed by the BOP is contrary to what Congress intended in enacting the GCT legislation.  Petitioner admits that he has failed to exhaust his administrative remedies and that any attempt to do so would be patently futile.

**DISCUSSION:**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."
Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

    18 U.S.C. § 3624(b) provides:

> a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

The BOP's interpretation of this statute appears in Program Statement 5880.28 which states that 54 days of GCT may be earned for each full year served on a sentence in excess of 1 year with the GCT being prorated for the last partial year. The BOP then subtracts 54 days of GCT from the remainder of the term to be served, not from the year already served. Pursuant to this method of calculation, GCT is awarded only after it is earned by a prisoner.

It is initially noted that it is the BOP, not courts, which determines whether federal inmates should receive good time credits. United States v. Evans, 1 F.3d 654 (7th Cir. 1993). A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence. Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).

In support of his miscalculation argument, the Petitioner asserts that the BOP's interpretation should not be given deference because it was the intent of Congress that the amount of available GCT should equal 15% of a federal prisoner's sentence. As a result, computation of GCT should be based on a prisoner's sentence rather than the amount of time he has served. (Rec. Doc. 1, Att. 1 at8).

At least four other Judges in the Middle District of Pennsylvania have

denied habeas relief with respect to the same claim asserted herein by Petitioner. In <u>Baldwin v. Angeline</u>, No. 3:CV-03-1144, slip op. at 13 (M.D. Pa. Jan. 28, 2004)(Caputo, J.). Judge Caputo, citing <u>Pacheco-Camancho v. Hood</u>, 272 F. 3d 1266 (9th 2001), <u>cert. denied,</u> 535 U.S. 1105 (2002), concluded that "the BOP's interpretation is a reasonable interpretation of 28 U.S.C. § 3624(b)." Chief Judge Vanaskie of this Court reached a similar determination in <u>Hill v. Nash</u>, No. 3:CV-02-1022, slip op. at 3. (M.D. Pa. Jan. 30, 2003)(Vanaskie, C.J.), <u>aff'd</u>, No. 03-1392, slip op. (3d Cir. Aug. 29, 2003)(per curiam). In <u>Robinson v. Nash</u>, Civil No. 3:CV-04-1585, slip op. (M.D. Pa. Nov. 8, 2004)(Conaboy, J.), Judge Conaboy concurred with the prior decisions rendered by Judges Vanaskie and Caputo. Judge McClure subsequently rendered a similar finding. <u>Elejalde v. Apker</u>, Civil No. 4:CV-04-2665 slip op. (M.D. Pa. Dec. 15, 2004) .

In <u>Lopez v. Williamson</u>, Civil No. 4:CV-04-2390, slip op. (M.D. Pa. Dec. 14, 2004)(Jones, J.), this Court concurred with the approach taken by Judges Vanaskie, Conaboy, McClure, and Caputo and held "that the BOP's interpretation of § 3624(b) is 'based on a permissible construction of the statute.'" <u>Id</u>. at p. 5 (citing <u>Chevron U.S.A. Inc. v. Natural Res. Def. Council</u>, 467 U.S. 837, 843 (1984)).

Recently, the United States Court of Appeals for the Third Circuit addressed this same issue and likewise concluded that there was no basis for federal habeas

5

corpus relief.  See O'Donald v. Johns, 402 F.3d 172, 174  (3d Cir.  2005).  In O'Donald, the Third Circuit agreed that the meaning of § 3624(b) was ambiguous but rejected Petitioner's present argument as meritless, holding that "the meaning of § 3624(b) is ambiguous" and that the "the BOP's interpretation is reasonable." Id. at 174.

Based on an application of the Third Circuit's recent decision in O'Donald and the prior decisions cited above to the present petition, there is no basis for an award of federal habeas corpus relief.  It remains the conclusion of this Court that the BOP's method of computing GCT is neither arbitrary, capricious nor manifestly contrary to the statute.  See Firstland Int'l v. INS, 377 F.3d 127, 131 (2d Cir. 2004).  Consequently,

**IT IS HEREBY ORDERED THAT:**

    1.    Petitioner is granted temporary leave to proceed in forma pauperis for the sole purpose of filing this action.

    2.    The Petition (doc. 1) is DENIED.

    3.    The Clerk of Court is directed to close the case.

    4.    Based on the Court's conclusion herein, there is no basis for

the issuance of a certificate of appealability.

                        <u>s/ John E. Jones III</u>
                        John E. Jones III
                        United States District Judge